IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| MICHAEL ANTHONY AVERY, </br></br> Plaintiff, </br></br> vs. </br></br> UNITED STATES DEPARTMENT OF THE AIR FORCE, et al, </br></br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) )   7:15-cv-00419-LSC |

MEMORANDUM OF OPINION

Plaintiff Michael Avery filed a pro se complaint seeking a review of the Air Force Board for Correction of Military Records' decision not to change the reasons for his discharge and not to remove certain records about mental illness. Further, Avery asserts monetary claims stemming from his discharge from the Air Force. The Defendants have moved to dismiss for lack of subject matter jurisdiction. For the reasons stated below, the motion is due to be GRANTED, and this case is due to be DISMISSED.

I. Background

The relief Avery requests stems from his involuntary separation from the Air

Force in 1969. Avery entered the Air Force in 1967. In a psychiatric evaluation in 1969, a psychiatrist diagnosed him with a severe character behavior disorder, which the psychiatrist determined was not a disability. Avery was administratively discharged later the same year. In 1971, Avery requested that his discharge be upgraded to honorable, which the Air Force Discharge Review Board granted. Since his discharge, Avery has filed numerous requests with the Air Force Board for Correction of Military Records ("AFBCMR"). Further, he filed a suit in the Court of Federal Claims seeking largely the same relief sought in this case—review of the AFBCMR's decision and monetary damages. The court in that case dismissed his claims for lack of subject matter jurisdiction because his claims were time barred.[1]

## II.   Standard of Reivew

Federal courts have limited jurisdiction. They possess "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). Moreover, every federal court is presumptively without jurisdiction "unless the contrary affirmatively appears from the record." *King Iron Bridge & Manufacturing Co. v. County of Otoe*, 120 U.S. 225, 225 (1887).

---

[1] Avery seems to ask this Court at one point to review the decision from the Court of Federal Claims. However, the United States Court of Appeals for the Federal Circuit has exclusive jurisdiction over appeals from that court. 28 U.S.C. § 1295.

The burden is on the plaintiff to establish that jurisdiction exists. *OSI, Inc. v. U.S.*, 285 F.3d 947, 951 (11th Cir. 2002). When a federal court lacks subject matter jurisdiction, it must dismiss the case. *Arbaugh v. Y&H Corp.*, 546 U.S.500, 514 (2006).

### III.  Discussion

Avery cites to the Administrative Procedure Act, 5 U.S.C. § 701–706, the Tucker Act, 28 U.S.C. § 1491, and the Military Pay Act, 37 U.S.C. § 204, as his bases for jurisdiction in this case. However, none of those statutes grant jurisdiction to this Court to grant the relief requested by Avery.

#### 1. Administrative Procedure Act

The Administrative Procedure Act ("APA") waives sovereign immunity in actions in district courts "seeking relief other than money damages" because of a legal wrong due to an agency action. 5 U.S.C. § 702. However, the government only consents to suits for "equitable and mandamus relief only and not money from the Treasury." *Rhodes v. U.S.*, 760 F.2d 1180, 1183 (11th Cir. 1985). "A money claim which can be assuaged only by expenditure from the Treasury of the United States cannot be entertained without a statutory grant of jurisdiction to a United States court, and dressing it up as a review under the APA does not help at all." *Id.* at 1184. Additionally, district court review is only available in claims "for which

there is no other adequate remedy in a court." 5 U.S.C. § 704. "[T]he availability of a remedy in the [Court of Federal Claims] under the Tucker Act has been held to be an adequate remedy." *Alabama Rural Fire Ins. Co. v. Naylor*, 530 F.2d 1221, 1230 (5th 1976).

Further, "[b]y statute, the [Court of Federal Claims] may, in appropriate military back pay cases, 'provide an entire remedy,' including 'restoration to office or position, placement in appropriate duty or retirement status, and correction of applicable records.'" *Mitchell v. U.S.*, 930 F.2d 893, 896 (Fed. Cir. 1991) (citing 28 U.S.C. § 1491(a)(2)). In fact, the Court of Federal Claims "has extensive experience reviewing decisions of corrections boards in military pay cases." *Id.* In *Martinez v. U.S.*, 333 F.3d 1295 (Fed. Cir. 2003), the court held that the Court of Federal Claims still offered a "full and adequate remedy" even though the plaintiff's claim was time barred. *Id.* at 1320. The Plaintiff's failure to take advantage of that remedy in a timely manner did not negate the adequate remedy that he did have before the limitations period ran in the Court of Federal Claims.

In this case, Avery is seeking "compensatory damages in an amount to be determined by this court" and "punitive damages." These claims seem to arise from Avery's claim that he "suffered the loss of a military career and military retirement benefits" because he was administratively discharged, not medically

discharged. If Avery had been medically discharged, he claims that he would be due retirement benefits. Such a claim for money damages because of an unlawful discharge is properly brought under the Military Pay Act, which is a "money-mandating" statute. *See Martinez*, 333 U.S. at 1303. Therefore, Avery's claim is primarily one for money damages, and it is not the type of equitable relief a district court can give under the APA. *See Rhodes*, 760 F.2d 1180. Thus, Avery fails to meet the first requirement to establish jurisdiction under the APA.

Additionally, as in *Martinez*, Avery failed to file a timely complaint with the Court of Federal Claims. However, if Avery had sought his monetary damages and correction of his record within the six year statute of limitations period, he would have had a full and adequate remedy. Thus, a remedy in a court existed for Avery. He merely failed to pursue that remedy in a timely manner. Accordingly, because Avery's claim is largely one for money damages and he had a full and adequate remedy with the Court of Federal Claims, this Court does not have jurisdiction under the APA.

2. **Tucker Act and Military Pay Act**

The Tucker Act, 28 U.S.C. §§ 1346, 1491, vests jurisdiction for non-tort claims against the United States for damages less than $10,000 in district courts. *See Richardson v. Morris*, 409 U.S. 464, 465 (1973). The Court of Federal Claims

has jurisdiction over all claims above $10,000. *See* 28 U.S.C. § 1491; *Friedman v. U.S.*, 391 F.3d 1313, 1315 (11th Cir. 2004). The jurisdiction granted under the Tucker Act "authorize[s] only actions for money judgments and not suits for equitable relief against the United States." *Richardson*, 409 U.S. at 465. Further, the Tucker Act "is itself only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages." *U.S. v. Testan*, 424 U.S. 392, 398 (1976). Avery cites the Military Pay Act, 37 U.S.C. § 204, which does create a substantive right to sue "[i]n the context of military discharge cases . . . ." *Martinez*, 333 F.3d at 1303. Non-monetary claims against the United States, such as claims under the Military Pay Act, must be brought within six years after the action accrues. 28 U.S.C. § 2401. A claim for monetary damages under the Military Pay Act accrues at the time of discharge. *See Martinez*, 333 F.3d at 1302.

    Avery has only made a general request for monetary relief in his complaint. Because this Court only has jurisdiction over claims less than $10,000, Avery failed to plead facts sufficient to establish subject matter jurisdiction. However, even if Avery had pleaded that his claims were less than $10,000, such monetary claims under the Military Pay Act would be time barred. Avery was discharged from the military in 1969. Thus, any monetary claim he had for back pay or disability pay

should have been brought before the statute of limitations period ended in 1975.

### 3. Claims For Loss of Employment Opportunities, Lost Wages, and Emotional Distress

Avery further claims that, "In the civilian sector, he has lost wages, benefits in delay of VA Vocational Rehabilitation Benefits approval, and employment opportunities . . . [and suffered] mental anguish, loss of enjoyment of life, and other pecuniary benefits' losses." However, Avery has not cited any statute that would allow him to recover compensatory damages for such claims. Moreover, he has not alleged any negligent behavior that might plausibly make out a claim under the Federal Tort Claims Act, 28 U.S.C. § 1346.  Thus, Avery failed to meet his burden of showing this Court has subject matter jurisdiction over such claims.

## IV.    Conclusion

Avery has failed to plead a sufficient basis for subject matter jurisdiction. Because he asks for monetary relief, this Court does not have jurisdiction to review the AFBCMR's decision under the APA. Furthermore, Avery did not specifically request relief less than $10,000, and even if he had, the applicable statute of limitations period has run. Thus, this Court does not have jurisdiction over his monetary claims under the Tucker Act. Moreover, Avery failed to show that this Court has subject matter jurisdiction over his other claims for compensatory damages. The Defendants' motion to dismiss for lack of subject matter jurisdiction

is due to be GRANTED, and this case is due to be DISMISSED. A separate Order will be entered.

Done this 1st day of October 2015.

                                                                         L. SCOTT COOGLER
                            UNITED STATES DISTRICT JUDGE
                                                                                                182185